IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY WEBB, | ) | No. C 09-6008 JSW (PR) |
|     Plaintiff, | ) | **ORDER OF DISMISSAL** |
|     v. | ) | |
| SERGEANT NELSON, et al., | ) | |
|     Defendants. | ) | (Docket Nos. 12, 13) |

## INTRODUCTION

Plaintiff, an inmate at the San Francisco County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. He is granted leave to proceed *in forma pauperis* in a separate order.

After filing the original complaint, he filed an amended complaint and then a second amended complaint on January 20, 2010 (docket number 6). Leave to file both the first and second amended complaints is GRANTED nunc pro tunc. The second amended complaint supercedes the prior complaints. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff has also filed a motion to amend the second amended complaint (docket number 12) in order to correct the spelling of certain names. The request to amend the second amended complaint is GRANTED. This Court now reviews the second amended complaint, as amended, pursuant to 28 U.S.C. § 1915A, and dismisses it for failure to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners

seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that Defendants, police officers in the San Francisco Police Department, arrested him for violating a restraining order. Plaintiff alleges that he was falsely arrested, in violation of his constitutional rights, because he had not been properly

1    served with the restraining order.  He seeks money damages.

2       The United States Supreme Court has held that to recover damages for an
3    allegedly unconstitutional conviction or imprisonment, or for other harm caused by
4    actions whose unlawfulness would render a conviction or sentence invalid, a section
5    1983 plaintiff must prove that the conviction or sentence has been reversed on direct
6    appeal, expunged by executive order, declared invalid by a state tribunal authorized to
7    make such determination, or called into question by a federal court's issuance of a writ of
8    habeas corpus.  *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994).

9       *Heck* applies even if Plaintiff has not yet been convicted for violating the
10   restraining order because it applies to claims arising out of pending charges.  *Heck* bars
11   claims which necessarily implicate the validity of pending criminal charges.  *See*
12   *Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1997).  A civil claim
13   which necessarily implicates the validity of pending criminal charges does not accrue
14   until after one has succeeded in the criminal realm.  *Id.* (citing *Heck*).  More specifically,
15   Plaintiff's claim of false arrest is barred until the charges, or subsequent conviction, have
16   been invalidated.  *See Cabrera v. City of Huntington Park*, 159 F.3d 37, 380 (9th Cir.
17   1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was
18   invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred
19   plaintiff's claims that defendants lacked probable cause to arrest him and brought
20   unfounded criminal charges against him).  Therefore, Plaintiff's claim of false arrest is
21   not cognizable claim under section 1983 and must be dismissed without prejudice to
22   refiling once the claims accrue.

23      Plaintiff also makes a conclusory allegation of excessive force.  In order to state a
24   cognizable claim, plaintiff must plead more than mere labels and conclusions, he must
25   also plead the facts that show the grounds for his entitlement to relief.  *See Bell Atlantic*
26   *Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007); *see also Barren v. Harrington*, 152 F.3d
27   1193, 1194 (9th Cir. 1998) (even at the pleading stage, "[a] plaintiff must allege facts,
28   not simply conclusions, that show that an individual was personally involved in the

deprivation of his civil rights."). Plaintiff does not allege what force was used or by whom, the circumstances under which the force was used, the degree to which he was resisting the officers, any specific injuries he suffered, or what actions any of the Defendants took in applying the force. As Plaintiff has already been granted leave to amend his complaint twice but has still failed to properly state a claim, further leave to amend will not be granted.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED without prejudice. The motion for leave to amend (docket number 12) is GRANTED. The Clerk shall process the request for photocopies (docket number 13) and terminate it from the Court's docket.

The Clerk shall close the file and enter judgment in favor of Defendants.

IT IS SO ORDERED.

DATED: November 10, 2010

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

ANTHONY L WEBB,

        Plaintiff,

  v.

SHANE HERBERT et al,

        Defendant.
_____/

Case Number: CV09-06008 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony L. Webb
#2441557
850 Bryant Street
San Francisco, CA 94103

Dated: November 10, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk